Zheng v. Sessions

BIA
Loprest, IJ
A200 241 362

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of October, two thousand eighteen.

PRESENT:
> PIERRE N. LEVAL,
> REENA RAGGI,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

BIN ZHENG,

>    *Petitioner,*

>    v.                                    17-556
>                                          NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,

>    *Respondent.*

_____

FOR PETITIONER:          Lee Ratner, Law Offices of Michael Brown, PC, New York, NY.

**FOR RESPONDENT:** Chad A. Readler, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Kimberly A. Burdge, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bin Zheng, a native and citizen of the People's Republic of China, seeks review of a February 3, 2017, decision of the BIA affirming an April 19, 2016, decision of an Immigration Judge ("IJ") denying Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bin Zheng,* No. A200 241 362 (B.I.A. Feb. 3, 2017), *aff'g* No. A200 241 362 (Immig. Ct. N.Y. City Apr. 19, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C.

2

§ 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The governing REAL ID Act credibility standard provides that the agency must "[c]onsider[] the totality of the circumstances" and may base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies or omissions in his or his witness's statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. "A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks omitted). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. For the reasons that follow, we conclude that the agency did not err in finding Zheng not credible.

The agency reasonably relied on the inconsistency between Zheng's testimony and his church's letter about when his church learned that he had left China. *See id.* (holding that an "IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible" (quoting 8 U.S.C. § 1158(b)(1)(B)(iii))). When asked if his church knew that he left China, Zheng responded that it did because he asked fellow church members to write letters in support of his asylum application in July 2012. However, the church's letter was dated March 2012, Zheng was unable to proffer any explanation for the date discrepancy at his hearing, and the IJ noted a long pause on the record when Zheng was asked for an explanation. Moreover, the BIA did not err in rejecting Zheng's explanation that it was unclear if the questions concerned the church's March 2012 letter or a July 2012 letter from his church friend because Zheng testified that his church knew he left China only because he asked his fellow church members to write letters in July 2012, and he did not identify how his church obtained the information before July 2012. *See Majidi*, 430 F.3d at 80. The import of this finding is substantial: if the church

4

letter predates the point when Zheng claimed his church became aware he had left China, then the letter cannot be genuine. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document . . . may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence. An IJ may, either expressly or impliedly, rely on *falsus in uno* to discredit evidence that does not benefit from corroboration or authentication independent of the petitioner's *own* credibility.").

The adverse credibility determination is bolstered by the IJ's observations of Zheng's demeanor. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). "[D]emeanor is paradigmatically the sort of evidence that a fact-finder is best positioned to evaluate," *Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir. 2006), and we give particular deference to the agency's assessment, especially where, as here, the demeanor finding is linked to inconsistencies, *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). The IJ's observation that Zheng's testimony on cross examination was nonresponsive is supported by the evidence of Zheng's long pause when he was asked about the church's letter, along with his nonresponsive answers when asked if he attended a

5

government-sanctioned church and why he continued attending his church in China while under surveillance. *See id.; see also Siewe*, 480 F.3d at 168-69 ("[S]peculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience. So long as an inferential leap is tethered to the evidentiary record, we will accord deference to the finding.").

Zheng does not challenge the agency's findings that his testimony was vague concerning the first police visit to his home and the basis for his claim that he was under surveillance. Nor does he challenge that his documentary evidence was insufficient to rehabilitate his credibility. He has therefore waived review of these findings, which stand as appropriate bases for the agency's adverse credibility determination. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *Shunfu Li v. Mukasey*, 529 F.3d 141, 146-47 (2d Cir. 2008).

We do recognize, however, an error in the IJ's conclusion that Zheng gave differing descriptions of his arrest and

6

detention in China. Zheng's application reported that he was arrested in China and held in a cell with only a table, a chair, and a lamp for a total of 48 hours. Zheng testified on cross examination that he was locked in an interrogation room but was not "imprisoned." Although when subsequently asked how long he was in prison, Zheng responded 48 hours, the IJ's reliance on this assertion as an inconsistency is misplaced because the underlying descriptions of where and how long he was held were consistent.

Even with this error, and even crediting Zheng's challenge to the agency's finding that his testimony was vague concerning his imputed political opinion and his father's whistleblowing activities and death, remand would be futile given the support for the agency's credibility determination set forth above. *Li Hua Lin*, 453 F.3d at 106-07 (observing that remand is futile if the agency's "errors are relatively minor in light of the record as a whole"; for example, "where the IJ or BIA's reliance on an erroneous aspect of its reasoning is so tangential that there is no realistic possibility that the outcome would be different on remand." (internal quotation marks omitted)). Both the IJ and BIA found that the discrepancy concerning Zheng's church letter

7

could not be reconciled, and the IJ's demeanor finding is well supported by the record. We therefore conclude that the adverse credibility determination is supported by the "totality of the circumstances." *See Xiu Xia Lin*, 534 F.3d at 167. The credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8